UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FRANK WALLACK, JR., individually, and as parent
and natural guardian of C.W., an infant over the
age of 14 years,

        Plaintiffs,

   - against -

P.O. TIMOTHY A. SIAR, Shield No. 3471, P.O.
"JOHN DOE" and THE COUNTY OF NASSAU,

        Defendants.
----------------------------------------------------------------X

COMPLAINT AND
JURY TRIAL DEMAND

Plaintiffs, FRANK WALLACK, JR., individually, and as parent and natural guardian of C.W., an infant over the age of 14 years, by their attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully allege as follows:

### JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiffs, invoking the supplemental jurisdiction of this Court, also seek compensatory and punitive damages for false arrest, battery, malicious prosecution and expenses for medical and legal services.

### VENUE

5. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, FRANK WALLACK, JR., was and is a natural person, resident in the hamlet of Franklin Square, Town of Hempstead, County of Nassau, State of New York.

8. At all times relevant hereto, the infant plaintiff, C.W., was and is a natural person and an infant over the age of 14 years, resident in the hamlet of Franklin Square, Town of Hempstead, County of Nassau, State of New York.

9. At all times relevant hereto, plaintiff FRANK WALLACK, JR. was and is the parent and natural guardian of the infant plaintiff, C.W..

10. At all times relevant hereto, defendant P.O. TIMOTHY A. SIAR, Shield No. 3471 (hereinafter "SIAR"), was and is a natural person, employed as a police officer by defendant COUNTY OF NASSAU.

11. At all times relevant hereto, defendant P.O. "JOHN DOE" was and is a natural person, employed as a police officer by defendant COUNTY OF NASSAU.

12. At all times relevant hereto, defendant COUNTY OF NASSAU was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

13. On or about December 11, 2015, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiffs served upon the Nassau County Attorney a verified written notice of claim setting forth the time, place, nature and manner in which said claims arose.

14.     On or about March 3, 2016, plaintiffs served upon the Nassau County Attorney an amended verified written notice of claim setting forth the time, place, nature and manner in which said claims arose.

15.     More than thirty (30) days have elapsed since each of the aforementioned verified notices of claim were served and County of Nassau has neglected and refused to make payment of said claims.

16.     This action is commenced within one year and ninety days from the date the supplemental claims herein accrued.

17.     The individual defendants are sued in their individual capacities.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS
### (42 U.S.C. §1983)

18.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "18" hereinabove as if more fully set forth at length herein.

19.     On or about October 31, 2015, at approximately 10:30 P.M., the infant plaintiff was present on a pathway locally known as "the creek," that runs through a portion of Franklin Square.

20.     At the aforementioned time, the infant plaintiff was about two hundred feet from the street where he lives.

21.     The infant plaintiff was on his way home from a friend's house.

22.     The infant plaintiff observed approximately one hundred other adolescents gathered about fifty feet away from him, drinking and generally being boisterous.

23.     The infant plaintiff was not involved in any way with the aforementioned group of adolescents.

24. The infant plaintiff observed two Nassau County Police Department motor vehicles parked at a corner that he had to walk past in order to get home.

25. Three police officers were standing near the aforementioned motor vehicles.

26. The infant plaintiff observed police officers interacting with the large group of adolescents.

27. The infant plaintiff, not wishing to have any encounters with the police officers, determined to go through an adjacent football field in order to get home.

28. However, upon observing another Nassau County Police Department motor vehicle and two police officers parked on the football field, the infant-plaintiff determined to get home by a different route.

29. As the infant plaintiff walked, he found himself walking through twenty to thirty members of the aforementioned group of adolescents.

30. The infant plaintiff noticed that two police officers were walking behind him.

31. The two police officers walking behind the infant plaintiff were defendants SIAR and "JOHN DOE."

32. The individual defendants called out to the infant plaintiff, telling him to stop.

33. The infant plaintiff replied that he could not stop because he had to get home in time for the curfew that his parents had set for him.

34. Without saying a further word, the individual defendants tackled the infant plaintiff, causing him to fall to the ground and land on his right side.

35. The infant plaintiff realized immediately that his right arm had been broken as a result of his being tackled and made to fall to the ground as aforementioned.

36. The individual defendants shouted and cursed at the infant plaintiff, insisting that he put his hands behind his back.

37. The infant plaintiff repeatedly told the individual defendants that he could not move his right arm because they had injured it.

38. The individual defendants nevertheless grabbed both of the infant plaintiff's arms and handcuffed him, while he cried out in pain.

39. The individual defendants picked the infant plaintiff up, by his arms, and put him in the back of their motor vehicle.

40. The infant plaintiff was transported to the stationhouse of the Fifth Precinct.

41. One of the individual defendants telephoned the infant plaintiff's mother, informing her that her son had been arrested.

42. However, when the infant plaintiff's mother later arrived at the stationhouse, the individual defendants would not permit her to see him.

43. Instead, the individual defendants falsely and maliciously informed the infant plaintiff's mother that once they finished processing the infant-plaintiff's arrest, they would call her to come get him or would have him driven home.

44. Instead, at approximately 2:30 A.M., one of the individual defendants telephoned the infant plaintiff's mother, falsely informing her that the infant plaintiff had fallen on his arm and told her that they were taking him to a hospital.

45. However, the individual defendant who had called the infant plaintiff's mother maliciously and intentionally did not inform her as to which hospital the infant-plaintiff was being taken to.

46. Rather, the aforementioned individual defendant simply told the infant plaintiffs mother to be in court at 10:00 A.M. later that morning when the infant plaintiff would be brought in for arraignment.

47. At or about 3:00 A.M., the infant plaintiff was transported to Nassau University Medical Center, where he was diagnosed with fractures of his right arm and had a cast applied.

48. The infant plaintiff was then transported back to the stationhouse of the Fifth Precinct and from there to Nassau County District Court in Hempstead

49. In court, upon the complaint of defendant SIAR, the infant plaintiff was falsely and maliciously charged with resisting arrest, a class A misdemeanor; criminal trespass in the third degree, a class B misdemeanor; and unlawful possession of marijuana, a violation.

50. The infant plaintiff was released on his own recognizance.

51. On or about January 27, 2016, all charges against the infant plaintiff were dismissed in Nassau County District Court, pursuant to Criminal Procedure Law §170.30(1)(g).

52. The individual defendants violated the infant plaintiff's rights, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, in that, acting under color of state law, they, without any cause or provocation whatsoever, arrested him without having probable cause to do so, used unreasonable and excessive force on him, falsely imprisoned him and maliciously prosecuted him.

53. As a result of the aforementioned acts committed against him by the individual defendants hereto, the infant plaintiff suffered a deprivation of his rights to be arrested, confined, charged and prosecuted only with probable cause and without malice; and his right not to be subjected to excessive and unnecessary force, all guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States and, as a result, suffered a loss of his liberty; was rendered sick, sore, lame and disabled; was severely and permanently injured; and required, and will continue to require, medical treatment for his injuries.

54. By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants hereto, the infant plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS and
### and THE COUNTY OF NASSAU
### (False Arrest)

55. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "54" hereinabove as if more fully set forth at length herein.

56. On or about October 31, 2015, at approximately 10:30 P.M., while the infant plaintiff was present on a pathway located in the vicinity of Valley Stream North High School, in the hamlet of Franklin Square, Town of Hempstead, County of Nassau, State of New York, the individual defendants hereto, without having probable cause therefor, falsely, maliciously, forcibly, wrongfully and unlawfully arrested him, against his own free will, and caused him to be confined for approximately twelve hours.

57. Defendant SIAR accused the infant plaintiff of having committed the misdemeanor offenses of resisting arrest, a class A misdemeanor; criminal trespass in the third degree, a class B misdemeanor; and the violation of being in unlawful possession of marijuana.

58. The infant plaintiff was compelled to appear in Nassau County District Court on several occasions as a result of the charges falsely and maliciously made against him by defendant SIAR.

59. On or about January 27, 2016, all charges against the infant plaintiff were dismissed in Nassau County District Court pursuant to Criminal Procedure Law §170.30(1)(g).

60. At the time they committed the aforementioned acts of false arrest and false imprisonment, the individual defendants hereto were acting within the scope of their employment by defendant COUNTY OF NASSAU.

61. By reason of the false arrest and false imprisonment committed against him by the individual defendants hereto while they were acting within the scope of their employment by defendant COUNTY OF NASSAU, the infant plaintiff suffered a loss of his liberty; was rendered sick, sore, lame and disabled; was severely and permanently injured and disabled; and required, and will continue to require, medical treatment for his injuries.

62. As a result of the acts of false arrest and false imprisonment committed by the individual defendants hereto, while they were acting within the scope of their employment by defendant COUNTY OF NASSAU, the infant plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated

hereinabove and, in addition, seeks punitive damages against the individual defendants hereto.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS
### and THE COUNTY OF NASSAU
### (Battery)

63. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "62" hereinabove as if more fully set forth at length herein.

64. On or about October 31, 2015, at approximately 10:30 P.M. on a pathway located in the vicinity of Valley Stream North High School, in the hamlet of Franklin Square, Town of Hempstead, County of Nassau, State of New York, the individual defendants offensively touched the infant plaintiff by throwing him to the ground with such force as to cause his right arm to be fractured.

65. The aforementioned force used by the individual defendants hereto was unreasonable under the circumstances.

66. At the aforementioned time and place the individual defendants were acting with the scope of their employment by defendant COUNTY OF NASSAU.

67. By reason of the aforementioned battery committed against him by the individual defendants while acting within the scope of their employment by defendant COUNTY OF NASSAU, the infant plaintiff suffered, and continues to suffer, serious and permanent physical injuries and incurred, and continues to incur, expenses for medical treatment of his injuries.

68. As a result of the aforementioned battery committed against him by the individual defendants hereto, while they were acting within the scope of their

employment by defendant COUNTY OF NASSAU, the infant plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants hereto.

<b>AS AND FOR A FOURTH CAUSE OF ACTION<br>AGAINST DEFENDANT SIAR<br>and THE COUNTY OF NASSAU<br>(Malicious Prosecution)</b>

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "68" hereinabove as if more fully set forth at length herein.

70. On or about November 1, 2015, in District Court of the County of Nassau, defendant SIAR maliciously caused a criminal prosecution to be commenced against the infant plaintiff by his act of falsely and maliciously charging him with having committed the crimes of resisting arrest, a class A misdemeanor; and criminal trespass in the third degree, a class B misdemeanor; and the offense of unlawful possession of marijuana, a violation.

71. Defendant SIAR was without probable cause to charge the infant plaintiff with having committed the aforementioned crimes and offense.

72. On or about January 27, 2016, all charges against the infant plaintiff were dismissed in Nassau County District Court, pursuant to Criminal Procedure Law §170.30(1)(g).

73. At the time that defendant SIAR falsely and maliciously caused the aforementioned prosecution to be commenced against the infant plaintiff, he was acting within the scope of his employment by the defendant COUNTY OF NASSAU.

74. By reason of the prosecution maliciously commenced against him by defendant SIAR while he was acting within the scope of his employment by defendant COUNTY OF NASSAU, the infant plaintiff was deprived of his liberty, was forced to defend himself in a criminal proceeding and lost time from school.

75. By reason of the prosecution maliciously commenced against him by defendant SIAR, while he was acting within the scope of his employment by defendant COUNTY OF NASSAU, the infant plaintiff has been damaged in an amount sufficient to compensate him for his injuries and damages and also demands an award of punitive damages against defendant SIAR.

**AS AND FOR A FIFTH CAUSE OF ACTION
AGAINST THE INDIVIDUAL DEFENDANTS
and <u>THE COUNTY OF NASSAU</u>
(Medical and Legal Expenses)**

76. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "75" hereinabove as if more fully set forth at length herein.

77. On or about October 31, 2015, at approximately 10:30 P.M., while the infant plaintiff was present on a pathway located in the vicinity of Valley Stream North High School, in the hamlet of Franklin Square, Town of Hempstead, County of Nassau, State of New York, he was falsely arrested and was severely and permanently injured by the individual defendants hereto. Subsequently, he was maliciously prosecuted by defendant SIAR.

78. At the times that the infant plaintiff was falsely arrested, maliciously prosecuted, and severely and permanently injured by the individual defendants, they were acting in the scope of their employment by defendant COUNTY OF NASSAU.

79.     As a result of the aforementioned false arrest, resulting malicious prosecution and injuries inflicted upon the infant plaintiff, his parent and natural guardian, FRANK WALLACK, JR., incurred legal expenses on the infant plaintiff's behalf and has incurred, and will continue to incur, medical expenses for treatment of the infant plaintiff's injuries.

80.     As a result of his payment of his child's fees for legal representation in the criminal proceeding and the medical treatment made necessary by the intentional, illegal and unconstitutional conduct of the individual defendants, while they were acting within the scope of their employment by defendant COUNTY OF NASSAU, plaintiff FRANK WALLACK, JR., has been damaged in the amount of TEN THOUSAND ($10,000.00) DOLLARS.

WHEREFORE, plaintiffs, FRANK WALLACK, JR., individually, and as parent and natural guardian of C.W., an infant over the age of 14 years, demand judgment against defendants, P.O. TIMOTHY A. SIAR, Shield No. 3471, P.O. "JOHN DOE," and THE COUNTY OF NASSAU, as follows:

FIRST CAUSE OF ACTION:  An amount sufficient to compensate the infant plaintiff for his injuries as enumerated hereinabove and, in addition, seek punitive damages against the individual defendants;

SECOND CAUSE OF ACTION:  An amount sufficient to compensate the infant plaintiff for his injuries as enumerated hereinabove and, in addition, seek punitive damages against the individual defendants;

THIRD CAUSE OF ACTION:  An amount sufficient to compensate the infant plaintiff for his injuries as enumerated hereinabove and, in addition, seek punitive damages against the individual defendants;

FOURTH CAUSE OF ACTION: An amount sufficient to compensate the infant plaintiff for his injuries as enumerated hereinabove and, in addition, seek punitive damages against the individual defendants;

FIFTH CAUSE OF ACTION: The amount of TEN THOUSAND ($10,000.00) DOLLARS.

In addition, plaintiffs demand the costs and disbursements of this action, including their attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
      January 4, 2017

 

*Alan D. L.*
_____
ALAN D. LEVINE, ESQ.
Attorney for Plaintiffs
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363